IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>     *Plaintiffs*,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY<br>Office of General Counsel<br>Washington, D.C.  20505<br><br>     *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 23-cv-3810 |

**COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF**

  Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant CENTRAL INTELLIGENCE AGENCY ("CIA") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

  1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of CIA records relating to allegations that members of the CIA's COVID Discovery Team, a group of employees tasked with analyzing the origins of the COVID-19 pandemic, received monetary incentives to change their position on the origins of the virus.

  2.  The COVID-19 global pandemic killed over 1.14 million Americans and upended many aspects of American life.  The origins of the virus remain unknown.  There are two leading

1

plausible hypotheses on the virus's origins in humans: (1) natural, zoonic transmission of the virus from animals to humans; and (2) a laboratory-associated incident. The Intelligence Community ("IC") is divided on the origins of COVID-19. Office of the Director of National Intelligence, *Declassified Assessment on COVID-19 Origins* (Oct. 29, 2021) ("ODNI COVID Origins Assessment") (Ex. 1) (summarizing that four IC elements and the National Intelligence Council believe SARS-CoV-2 infected humans as a result of a zoonic transmission, one IC element assesses with moderate confidence that the virus' jump to humans was likely the result of a laboratory-associated incident, and three IC elements were unable coalesce around either explanation without additional information). The ODNI COVID Origins Assessment did not identify which IC element ascribed to a particular origins hypothesis.

3. The House Select Subcommittee on the Coronavirus Pandemic ("COVID Select Subcommittee") is authorized to investigate "the origins of the Coronavirus pandemic, including but not limited to the Federal Government's funding of gain-of-function research" and "Executive Branch policies, deliberations, decisions, activities, and internal and external communications related to the coronavirus pandemic." H. Res. 5, 118th Cong. On September 12, 2023, COVID Select Subcommittee Chairman Brad Wenstrup and Rep. Mike Turner, Chairman of the House Permanent Select Committee on Intelligence, wrote a letter to CIA Director William Burns requesting documents and information related to alarming allegations brought to their attention by a whistleblower about the CIA's assessment of the origins of COVID-19. Letter from Chairmen Brad Wenstrup and Mike Turner to William Burns, Director, Central Intelligence Agency (Sept. 12, 2023) ("House Letter") (Ex. 2). The letter noted in relevant part:

> A multi-decade, senior-level, current Agency officer has come forward to provide information to the Committees regarding the Agency's analysis into the origins of

> COVID-19. According to the whistleblower, the Agency assigned seven officers to a COVID Discovery Team (Team). The Team consisted of multi-disciplinary and experienced officers with significant scientific expertise. According to the whistleblower, at the end of its review, six of the seven members of the Team believed the intelligence and science were sufficient to make a low confidence assessment that COVID-19 originated from a laboratory in Wuhan, China. The seventh member of the Team, who also happened to be the most senior, was the lone officer to believe COVID-19 originated through zoonosis. The whistleblower further contends that to come to the eventual public determination of uncertainty, the other six members were given a significant monetary incentive to change their position.

*Id*. The House Letter sought a response by September 25, 2023. To date, it does not appear the CIA has provided a response to the House Letter that is publicly available.

4. On September 12, 2023, Senators Rand Paul, Lindsey Graham, Ron Johnson, and Rick Scott sent Director Burns a letter citing the same whistleblower disclosure and requesting similar documents. Letter from Sen. Rand Paul, et. al to Williams Burns, Director, Central Intelligence Agency ("Senate Letter") (Ex. 3). The Senate Letter sought a response by September 25, 2023. To date, it does not appear the CIA has provided a response to the Senate Letter that is publicly available.

5. Plaintiffs' FOIA Request No. F-2024-00005 (Sept. 20, 2023) ("Request" or "Plaintiffs' FOIA Request") (Ex. 4) specifically sought information relevant to inquiries made in the House Letter and Senate Letter that individuals within the CIA's COVID Discovery Team received financial incentives to change their assessment on the origins of COVID-19. Request at 6.

## PARTIES

6. Plaintiff The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government,

individual freedom, traditional American values, and a strong national defense." Heritage Foundation, *About Heritage*, *found at* https://www.heritage.org/about-heritage/mission (last visited Dec. 18, 2023). Heritage is a not-for-profit IRC Section 501(c)(3) organization which engages in substantial dissemination of information to the public. Heritage operates a national news outlet, *The Daily Signal*.

7. Plaintiff Mike Howell leads the Heritage Foundation's Oversight Project and is an author for *The Daily Signal*. The Oversight Project is an initiative aimed at obtaining information via Freedom of Information Act requests and other means in order to best inform the public and Congress for the purposes of Congressional oversight. The requests and analyses of information are informed by Heritage's deep policy expertise. By function, the Oversight Project is primarily engaged in disseminating information to the public. Oversight Project, *found at* https://www.heritage.org/oversight (last visited Dec. 18,2023); X, *found at* @OversightPR (last visited Dec. 18, 2023). Staff for the Oversight Project routinely appear on television, radio, print, and other forms of media to provide expert commentary on salient issues in the national debate.

8. Defendant CIA is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), whose mission "is to gather and share intelligence to protect our Nation from threats." About CIA—Mission and Vision, *found at* https://www.cia.gov/about/mission-vision/ (last visited Dec. 18, 2023).

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to both 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and pursuant to 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

10. Venue is proper in this Court under 5 U.S.C. §552(a)(4)(B).

## PLAINTIFFS' FOIA REQUEST

11. Plaintiffs submitted the FOIA Request on September 20, 2023 via FOIA.gov.

12. The Request set forth five succinct specifications for records seeking substantially similar information to that requested in the House and Senate Letters. *Id*. at 1. Specifically, the Request sought:

   1. All records regarding the establishment of all iterations of the COVID Discovery Team(s);
   2. All records between or among the members of all iterations of the COVID Discovery Team(s) regarding the origins of COVID-19;
   3. All records between or among members of all iterations of the COVID Discovery Team(s) and other employees or contractors of the Agency regarding the origins of COVID-19;
   4. All communications between or among members of all iterations of the COVID Discovery Team(s) and employees or contractors of other federal government agencies, including but not limited to the U.S. Department, the Federal Bureau of Investigation, the U.S. Department of Health and Human Services (to include the National Institutes of Health and the National Institute of Allergy and Infectious Diseases), and the U.S. Department of Energy regarding the origins of COVID-19; and
   5. All documents and communications regarding the pay history, to include the awarding of any type of financial or performance-based incentive/financial bonus to members of all iterations of the COVID Discovery Team(s).

13. The Request sought a fee waiver because, as a 501(c)(3) nonprofit, Heritage Foundation does not have a commercial purpose for the information requested; instead, it analyzes the information requested in order to educate the public through social media, broadcast media (traditional and nontraditional) and press releases. The public interest element is satisfied because the whistleblower allegations brought forward by a "multi-decade, senior-level, current Agency officer" that the CIA provided "monetary incentives" for analysts to change their determination on the origins of the COVID-19 pandemic is a matter of immense public interest

and controversy and release of such records is likely to contribute significantly to the public's understanding in the operations of the CIA. *Id.* at 5

14. 32 C.F.R. § 1900.34(a) provides that expedited processing shall be approved "only when a compelling need is established to the satisfaction of the Agency". A compelling need exists: (1) [w]hen the matter involves an imminent threat to the life or physical safety of an individual; or (2) [w]hen the request is made by a person primarily engaged in disseminating information and the information is relevant to a subject of public urgency concerning an actual or alleged Federal Government activity." *Id*. The Request sought expedited processing pursuant to 32 C.F.R. § 1900.34(a) because Plaintiffs primary professional activity or occupation is information dissemination, and the information is relevant to a subject of public urgency concerning an actual or alleged Federal Government activity.

15. The Request attached three appendices totaling 85 pages of both the House and Senate Letters as well as news articles covering the whistleblower allegations and House and Senate Letters. Appendix A–C, *available at*

https://thf_media.s3.amazonaws.com/2023/Oversite_Project/Appendix%20A.pdf

https://thf_media.s3.amazonaws.com/2023/Oversite_Project/Appendix%20B.pdf

https://thf_media.s3.amazonaws.com/2023/Oversite_Project/Appendix%20C.pdf

16. On December 14, 2023, CIA emailed a copy of a letter dated December 1, 2023 informing Plaintiffs:

> CIA originally attempted to correspond with you regarding your request referenced above on 25 October 2023; however, our correspondence was returned to us on 20 November 2023 by the United States Postal Service as 'not deliverable as addressed.' Based on your provision of your updated address, we are now sending you a copy of our original correspondence.

Letter from Information and Privacy Coordinator Stephen Glenn to Mike Howell at 1 (December 14, 2023) (Ex. 5).

17. Attached to the December 14, 2023 letter was the initial response dated October 25, 2023, acknowledging Plaintiffs' FOIA Request, assigning it reference number F-2024-00005, granting Plaintiffs' request for fee waiver, and denying Plaintiffs' request of expedited processing. *Id.* at 4. The letter also noted that "[t]o check the status of your request, please visit: *http://www.cia.gov/readingroom/request/status* and input the reference number provided above or call this office at (703) 613-1287." *Id.*

18. The hyperlink provided redirects to an unavailable webpage. (Ex. 6).

19. Under FOIA, CIA has twenty (20) business days to produce responsive documents or issue a determination communicating the scope of the documents it intends to produce and/or withhold, the reasons for any withholding, and notifying the requester that it may appeal any adverse determination.

20. Twenty business days from October 25, 2023 is November 20, 2023.

21. As of the date of this Complaint, CIA has failed to: (i) produce the requested records or demonstrate that the records are lawfully exempt from disclosure; (ii) notify Plaintiffs of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiffs that they may appeal any adequately specific, adverse determination.

**FIRST CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Expedited Processing**

22. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

23. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

24. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

25. Plaintiffs properly asked that CIA expedite the processing of Plaintiffs' FOIA Request because "the request is made by a person primarily engaged in disseminating information and the information is relevant to a subject of public urgency concerning an actual or alleged Federal Government activity." 32 C.F.R. § 1900.34(a).

26. Defendant refused to expedite Plaintiffs' FOIA Request, contrary to the factual and legal showing Plaintiffs made demonstrating their entitlement to expedition.

27. Defendant is in violation of FOIA.

28. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled to on an expedited basis and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

29. Plaintiffs have no adequate remedy at law.

30.     Plaintiffs are entitled to seek immediate judicial relief for CIA's denial of expedited processing. *See* 5 U.S.C. § 552(a)(6)(E)(iii) ("Agency action to deny . . . a request for expedited processing pursuant to this subparagraph . . . shall be subject to judicial review."); *ACLU v. DOJ*, 321 F.Supp.2d 24, 28–29 (D.D.C. 2004).

## SECOND CLAIM FOR RELIEF
### Violation FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records.

31.     Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

32.     FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

33.     Plaintiffs properly requested records within the possession, custody, and control of Defendant.

34.     Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

35.     Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

36.     Defendant's failure to conduct searches for responsive records violates CIA regulations.

37.     Plaintiffs have a statutory right to the information they seek.

38.     Defendant is in violation of FOIA.

39.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is

important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

40. Plaintiffs have no adequate remedy at law.

41. Plaintiffs have constructively exhausted their administrative remedies.

## THIRD CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

42. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

43. FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

44. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

45. Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

46. Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' FOIA Request.

47. Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

48. Defendant's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

49. Plaintiffs have a statutory right to the information they seek.

50. Defendant is in violation of FOIA.

51. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

52. Plaintiffs have no adequate remedy at law.

53. Plaintiffs have constructively exhausted their administrative remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Fee Waiver**

54. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

55. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." *Attorney General, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

56. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

57. Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 32 C.F.R. § 1900.13(b).

58. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

11

59. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

60. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

61. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

62. Plaintiffs have a statutory right to a fee waiver.

63. Defendant is in violation of FOIA by denying a fee waiver.

64. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

65. Plaintiffs have no adequate remedy at law.

66. Plaintiffs have constructively exhausted their administrative remedies.

### FIFTH CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Statutory Bar Against Charging Fees

67. Plaintiffs re-allege the foregoing paragraphs as if fully set out herein.

68. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General,

*Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

69. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

70. The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

71. Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*. 5 U.S.C. § 552(a)(4)(a)(ii).

72. Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii).

73. Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

74. Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request. Therefore, Plaintiffs have a statutory right to have their request processed without being charged any fees.

75. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

76. Plaintiffs have no adequate remedy at law.

77. Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Enter a preliminary and permanent injunction compelling Defendant to process Plaintiffs' FOIA Request on an expedited basis.

B. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

C. Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

D. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Requests;

E. Retain jurisdiction over this matter as appropriate;

F. Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

G. Grant such other and further relief as this Court may deem just and proper.

Dated: December 21, 2023            Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 99979)
Chambers of Samuel Everett Dewey, LLC
Telephone: (703) 261-4194
Email: samueledewey@sedchambers.com

ERIC NEAL CORNETT
(No. 1660201)
Law Office of Eric Neal Cornett
Telephone: (606) 275-0978
Email: neal@cornettlegal.com

DANIEL D. MAULER
(No. 977757)
The Heritage Foundation
Telephone: (202) 617-6975
Email: Dan.Mauler@heritage.org

*Counsel for Plaintiffs*